Appellant Ajay Chawla is appealing the decision of the Ashland Municipal Court that found him guilty of speeding in violation of R.C. 4511.21(D)(3). The following facts give rise to this appeal.
On June 25, 1998, Troopers Michael Vinson and Scott Hartge were patrolling a section of Interstate 71, working an air speed zone. Trooper Hartge operated the plane and Trooper Vinson worked on the ground. Trooper Hartge observed two semi-trailer trucks traveling on Interstate 71 in excess of the posted speed limit. Appellant was operating the second vehicle. Trooper Hartge radioed Trooper Vinson and instructed him to stop the two trucks. Trooper Hartge cited appellant for traveling seventy-three miles per hour in a fifty-five miles per hour speed zone.
The matter proceeded to a bench trial on August 5, 1998. At trial, appellant claimed he could not have been traveling seventy-three miles per hour because his truck has a governor which prevents the vehicle from exceeding the predetermined set speed of sixty-two miles per hour. Following the trial, the trial court found appellant guilty. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY OF OPERATING A MOTOR VEHICLE IN EXCESS OF POSTED SPEED LIMITS WHEN THE FOUNDATIONAL ELEMENTS OF THE MOTOR VEHICLE'S WEIGHT WERE NOT MET BY THE PROSECUTION.
 II. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY (SIC) AT A REASONABLE DOUBT OF THE VIOLATION AS CHARGED (SIC) AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
We will address appellant's First and Second Assignments of Error simultaneously. Appellant maintains, in his First Assignment of Error, the trial court erred in finding him guilty of speeding, in violation of R.C. 4511.21(D)(3), because the prosecution failed to prove the weight of appellant's truck. In his Second Assignment of Error, appellant contends the trial court's judgment is against the manifest weight of the evidence.
Trooper Vinson charged appellant with a violation of R.C.4511.21(D)(3). This statute provides, in pertinent part:
 (D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
* * *
 (3) If a motor vehicle weighing in excess of eight thousand pounds empty weight * * *, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division.
Appellant argues the trial court's judgment, finding him guilty of speeding, is against the manifest weight of the evidence because the state failed to prove his truck weighed more than eight thousand pounds. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
We find testimony, contained in the record, that supports the trial court's judgment. Trooper Vinson testified to the following concerning the weight of appellant's truck:
 Q. * * * Have you ever in your training or in your duties as a State Trooper had the opportunity to weigh commercial vehicles?
A. Yes, sir, I have.
Q. How often or how many times have you done that?
 A. On several occasions. I have been present at the scales when the vehicles were weighed.
 Q. Based on your experience in doing that can you state whether from looking at a commercial vehicle whether or not that vehicle is in excess of 8,000 pounds?
A. Yes, I can.
* * *
 Q. Okay. Based on your experience with weighing commercial vehicles, can you state whether or not Mr. Chawla's vehicle that he was operating that day would be in excess says (sic) of 8,000 pounds unladen (sic) weight?
A. Yes, it was. Tr. at 27-29.
Based on the above testimony, we find the prosecution established, beyond a reasonable doubt, that appellant's truck weighed more than eight thousand pounds. We previously addressed this issue in the case of State v. Swinehart (Aug. 27, 1992), Ashland App. Nos. CA-999, CA-1000, unreported. InSwinehart, we found the testimony of a state trooper, concerning the unladened weight of a tractor trailer, sufficient to support a conviction for speeding under R.C.4511.21(D)(3). Accordingly, we overrule appellant's assignments of error.
Appellant's First and Second Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby affirmed.
By: Wise, P. J., Edwards, J., and Reader, V. J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Municipal Court of Ashland County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES